**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 23-cv-01904-NYW-SBP

DAVID UHL,

Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

Defendant.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge issued on August 23, 2026 by the Honorable Susan Prose ("Recommendation"). [Doc. 143]. Judge Prose recommends that this Court deny Defendant's Renewed Motion for Joinder ("Motion" or "Motion for Joinder"), [Doc. 128], wherein Defendant Progressive Direct Insurance Company ("Defendant" or "Progressive") seeks to add the United States Department of Veterans Affairs ("VA") as a required party to this action pursuant to Federal Rule of Civil Procedure 19(a), [Doc. 143 at 1–2].

Progressive has timely objected to the Recommendation. *See* [Doc. 148]. For the following reasons, Progressive's objections are respectfully **SUSTAINED in part and OVERRULED in part**, the Recommendation is **ADOPTED as amended**, and the Motion for Joinder is **DENIED**.

## LEGAL STANDARD

As a threshold matter, there is conflicting case law in the District of Colorado as to whether a motion for joinder is a dispositive or non-dispositive motion under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(B). *See* [Doc. 143 at 2 n.1 (collecting cases)]. Even though Progressive characterizes the Motion as "a non-dispositive matter," [Doc. 148 at 2], in this case, the Court finds that the Motion for Joinder is dispositive because one of the issues presented is whether the VA waived sovereign immunity such that Progressive can sue it.

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## BACKGROUND

On July 5, 2022, Plaintiff David Uhl ("Plaintiff" or "Mr. Uhl") was involved in a motorcycle accident in which he sustained life-altering injuries. [Doc. 80 at ¶¶ 6–7]. At the time of the accident, Mr. Uhl had health insurance through the VA, [*id.* at ¶¶ 22–23], and an automobile liability insurance policy with Progressive, [*id.* at ¶¶ 8–9]. He timely made a claim for uninsured motorist benefits under that policy, and by September 2, 2022,

he had given a recorded statement to Progressive. [*Id.* at ¶¶ 10, 13]. A few months later, on December 7, 2022, a Progressive claims adjuster informed Mr. Uhl that Progressive would pay the claim "once [it] [was] able to verify any health insurance medical bill final lien amount(s)." [Doc. 54 at ¶ 19; Doc. 54-5 at 4]. Progressive paid Mr. Uhl his policy limit, $500,000, in April of 2023. [Doc. 80 at ¶ 42]. In December of 2024, the VA sent Progressive a correspondence seeking the status of Mr. Uhl's Progressive claim and advising that "[t]he VA Lien Subrogation is $1,015,099.28" and subject to change. [Doc. 128-1 at 1]. The VA's letter provided its position that the VA has "the right to recover the costs it incurred in providing and/or paying for [Mr. Uhl's] treatment," and "[t]he only way to discharge the liability underlying this claim is by payment to the United States." [*Id.* at 5].

Mr. Uhl brought this action against Progressive in June 2023, [Doc. 4], and filed the Amended Complaint in February of 2025, alleging claims of common law bad faith, statutory bad faith, and exemplary damages on the grounds that Progressive unreasonably delayed payment of uninsured motorist benefits to Mr. Uhl, *see generally* [Doc. 80]. On June 3, 2025, Progressive filed its first motion seeking to join the VA as a party to this litigation pursuant to Rule 19(a), [Doc. 94], which Judge Prose denied because Progressive "failed to meet its burden to establish that the court would have subject-matter jurisdiction if the Department of Veterans Affairs were joined as a party to this case," [Doc. 122 at 1; Doc. 125]. At oral argument on Progressive's first joinder motion, Judge Prose observed that there appeared to have been no communications between counsel for Progressive and the Government considering joinder and that the

Government's position may be potentially probative of the joinder question. [Doc. 143 at 6].

On December 29, 2025, Progressive filed the instant Motion for Joinder, arguing that the Court would have subject matter jurisdiction if the VA were joined as a party and attaching (to its Reply in support of its Motion) correspondence from an attorney at the VA's Office of General Counsel in the Revenue Law Group stating that the "VA has no objection to being joined in the case." *See* [Doc. 128; Doc. 139-1 at 1]. Judge Prose recommends that the Motion for Joinder be denied. [Doc. 148]. Specifically, Judge Prose recommends that the Court rule that it lacks jurisdiction over Progressive's proposed claim against the VA, [*id.* at 8–21], or alternatively, that the VA is not a required party under Federal Rule of Civil Procedure 19(a), [*id.* at 22–30].

**ANALYSIS**

In its Objection, Progressive takes issue with both of the Recommendation's legal conclusions: (1) that the VA has not waived its sovereign immunity to be sued by Progressive, and (2) that the VA is not a required party under Rule 19(a). [Doc. 148 at 2]. The Court considers Progressive's objections in turn.

**I. Sovereign Immunity**

As Judge Prose sets out, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." [Doc. 143 at 10 (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983))]. "The government consents to be sued only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text. If waiver is not unequivocal from the text, the government retains its sovereign immunity." *United*

*States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (cleaned up). In seeking to join the VA in this action, "Progressive bears the burden to prove this unequivocal waiver of sovereign immunity." [Doc. 143 at 10–11 (citing *Ohlsen v. United States*, 998 F.3d 1143, 1154 (10th Cir. 2021))].

Progressive makes a number of objections to the Recommendation's conclusion that the United States has not waived its sovereign immunity in this case, but the Court focuses on one. Specifically, Progressive argues that the Recommendation erred in its analysis of the application of the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, because Progressive is not arguing that the VA violated the APA, but rather that the APA waives sovereign immunity for cases requesting non-monetary relief against the United States, as here. [Doc. 148 at 4–6].

The APA provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. As an initial matter, this Court notes that Progressive's § 702 argument appears to have shifted between its Renewed Motion for Joinder and its Objection. *Compare* [Doc. 128 at 12–14], *with* [Doc. 148 at 4–6]. In the Motion, Progressive's APA argument focused on the first sentence of the statute: that it is adversely affected by the VA's actions in asserting a lien and demanding payment. [Doc. 128 at 12–13]. Judge Prose considered this argument and correctly held that the APA does not provide a waiver of sovereign immunity here because Progressive failed to show that the VA's actions—

i.e. asserting a lien and demanding payment—qualify as an "agency action" under the APA. [Doc. 143 at 18–21]. In its Objection, however, Progressive contends that Judge Prose misapprehended its argument—it was not arguing that the VA's actions amounted to an "agency action" under the APA; it was arguing that the second sentence of § 702 waives sovereign immunity for suits seeking non-monetary relief against the United States. [Doc. 148 at 5–6].

Courts ordinarily deem arguments not properly raised before the magistrate judge waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *Morrill v. Aarhaus*, No. 24-cv-00199-PAB-KAS, 2025 WL 815383, at *9 (D. Colo. Mar. 14, 2025) (same). And Progressive fails to comply with this Court's Uniform Practice Standard that requires a party who is raising an Objection that was not before the Magistrate Judge to "expressly identify those arguments and/or exhibits and explain why such omitted arguments and/or exhibits should be considered, in the first instance, upon Objection." *See* NYW Civ. Practice Standard 72.3(b). Nonetheless, "[a]rguments regarding subject-matter jurisdiction are not forfeitable or waivable." *United States v. Sellors*, 572 F. App'x 628, 632 (10th Cir. 2014); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Indeed, the Court has an independent obligation to assure itself of its own subject matter jurisdiction. *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, the Court considers Progressive's arguments about subject matter jurisdiction raised for the first time in the Objection.

The Court agrees with Progressive that, through 5 U.S.C. § 702, Congress

provided "a general waiver of the government's sovereign immunity" for actions against the United States seeking non-monetary relief and stating cognizable claims that an agency or an officer or employee acted or failed to act in an official capacity or under color of legal authority. *Murdock Mach. & Eng'g Co.*, 81 F.3d at 929 n.8; *see* [Doc. 148 at 5–6 (collecting cases)]. And the Court agrees that this waiver is not limited to suits under the APA. *Purgatory Recreation I, LLC v. United States*, 157 F.4th 1173, 1190 (10th Cir. 2025) (quotation omitted); *Kroekel v. U.S. Marshals Serv.*, No. 20-cv-00983, 1999 WL 33919792, at *11 (D. Colo. May 21, 1999) ("Courts have repeatedly found that this provision waives the Government's sovereign immunity with respect to *any* action for injunctive or declaratory relief for which federal-question jurisdiction otherwise exists . . . ."); *see also Trudeau v. FTC*, 456 F.3d 178, 186 (D.C. Cir. 2006) ("There is nothing in the language of the second sentence of § 702 that restricts its waiver to suits brought under the APA.").

The waiver applies in this case because Progressive seeks to sue the VA for declaratory relief only. [Doc. 128-6]. Indeed, in discussing the legislative history of the second sentence of § 702, the Federal Circuit observed that Congress intended to "withdraw[] the defense of sovereign immunity in actions seeking relief other than money damages, such as an injunction, declaratory judgment, or writ of mandamus." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655 F.3d 1337, 1344–45 (Fed. Cir. 2011) (quoting Senate and House of Representative reports); *see also Sevigny v. United States*, No. 13-cv-00401-PB, 2014 WL 3573566, at *7–8 (D.N.H. July 21, 2014) (finding waiver of sovereign immunity under APA in declaratory judgment case where the United States claimed potential priority to insurance distributions to estate's creditors). Progressive

therefore need not make any allegations about the VA's actions constituting an "agency action" under the APA. *See Trudeau*, 456 F.3d at 187 ("We also hold that the waiver applies regardless of whether [the action at issue] constitutes 'final agency action.'").

As Mr. Uhl points out, though, "[e]ven when a claim seeks relief other than money damages, the APA's waiver does not apply where any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1298–99 (10th Cir. 2009) (cleaned up); *see* [Doc. 131 at 10]. Judge Prose already observed—and no party disputes—that the medical recovery statutes cited by Progressive and their implementing regulations do not provide a private right of action for Progressive to seek relief against the United States. *See* [Doc. 143 at 11–15].

In addition, the two statutes that Mr. Uhl identifies as forbidding the declaratory relief sought by Progressive have no application here. *See* [Doc. 131 at 10 (arguing that "the review sought by Defendant is otherwise forbidden by other statutes, including 38 U.S.C. § 511 and 38 U.S.C. § 502")]. First, Section 511 precludes a court from reviewing "questions of law and fact necessary to a decision by the Secretary [of the VA] under a law *that affects the provision of benefits by the Secretary to veterans*." 38 U.S.C. § 511(a) (emphasis added); *see also* [Doc. 131 at 10 (Mr. Uhl describing this statute as one that "precludes any court from *reviewing decisions regarding a veteran's benefits*" (emphasis added))]. But Progressive is not requesting that this Court review any decisions by the VA affecting the provision of VA benefits to Mr. Uhl. *See* [Doc. 128-6 at 6–7 (requesting only that "the Court determine whether the VA has a valid lien, subrogation interest and/or right of recovery . . . relating to Mr. Uhl's UM motorist benefits under the automobile

insurance policy issued by Progressive")]; *see also Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996) (observing that in that case, which is cited by Plaintiff in support of his argument, the plaintiff was requesting veteran disability benefits or a review of the VA's administrative decision denying benefits). Second, Section 502 provides that only the Federal Circuit may hear cases seeking judicial review of "action[s] of the Secretary [of the VA] to which section 552(a)(1) or 553 of title 5 (or both) refers," i.e. challenges to rulemaking. 38 U.S.C. § 502. But again, Progressive is not challenging the application of any rules by the VA in its proposed joinder complaint. *See* [Doc. 128-6]; *see Hiatt v. United States*, No. 20-cv-02247-PHX-MTL, 2021 WL 5578872, at *4 (D. Ariz. Nov. 30, 2021) (case cited by Plaintiff in support of his argument, finding that district court had no jurisdiction pursuant to § 502 to consider "a direct challenge to the rate-setting formula" or an "object[ion] to the VA's longstanding interpretation" of a statute). Progressive requests a declaration regarding whether the VA has a valid lien or subrogation interest or right of recovery "under federal statutes and regulations," not whether the VA properly applied rules in its calculation of the "lien." *See generally* [Doc. 128-6].

Neither of the statutes raised by Plaintiff preclude this Court from having jurisdiction over Progressive's proposed declaratory judgment claim. Thus, the Court concludes that the United States has waived sovereign immunity for such a claim. Further, while "sovereign immunity and a court's lack of subject-matter jurisdiction are different animals," *Ute Indian Tribe v. Lawrence*, 875 F.3d 539, 545 (10th Cir. 2017), the Court also finds that it would have subject matter jurisdiction over Progressive's proposed claim, because in declaratory judgment cases, subject matter jurisdiction exists "if the potential suit by the declaratory judgment defendant would arise under federal law,"

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996), and here, if the VA sued Progressive over lack of payment, such a suit would necessarily arise under federal law, *see Badgerow v. Walters*, 596 U.S. 1, 7 (2022) ("Typically, an action arises under federal law if that law creates the cause of action asserted." (quotation omitted)); [Doc. 128-1 at 3 (the VA's "Notice of Claim for Reimbursement" to Progressive states that "the VA is entitled to reimbursement . . . from a VA beneficiary's insurance policy for medical payments (i.e. uninsured or underinsured motorist coverage), . . . under 38 U.S.C. § 1729")]. Progressive's Objection regarding subject matter jurisdiction is therefore respectfully **SUSTAINED**.

## II. Rule 19(a)

Progressive next objects to the Recommendation's finding that the VA is not a required party pursuant to Federal Rule of Civil Procedure 19(a)(1)(B)(i) or 19(a)(1)(B)(ii). [Doc. 148 at 6–9]. As to Rule 19(a)(1)(B)(i), Progressive argues that "this matter involves a challenge to the legality of the lien being asserted by the VA and, therefore, the VA has a clear interest in enforcing the VA lien." [*Id.* at 7]. Progressive posits that because Plaintiff contends that the VA lien was never legally enforceable here, the VA's "ability to protect its interest may be impaired in a practical sense should this Court issue a determination of law that the VA lien is not legally enforceable." [*Id.* at 7–8]. As to Rule 19(a)(1)(B)(ii), Progressive argues that "the failure to join the VA as a party may leave Progressive subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." [*Id.* at 8–9 (quotation omitted)]. Progressive explains that "in light of the VA's impending lawsuit," it "may face inconsistent obligations" if the Court, for instance, issues a determination of law that "the VA lien is not

legally enforceable" but the VA later obtains a judgment requiring Progressive to satisfy the VA's reimbursement claim. [*Id.* at 9].

Both of Progressive's arguments are premised on the assumption that "this matter involves a challenge to the legality of the lien being asserted by the VA," or at least that the "legality of the lien" is so central to this case that the Court will need to issue a determination regarding its enforceability. *See* [*id.* at 6–9]. But Progressive does not cite any facts or any authority, in either its Objection or the Motion, supporting this position. And the Court respectfully disagrees with Progressive. Mr. Uhl's case against Progressive is about whether Progressive acted in bad faith during the claims adjustment process, i.e. whether it breached its duties to Mr. Uhl to "act in good faith in reviewing, investigating, evaluating, adjusting and paying his claim" and whether it "delayed payment of uninsured motorist benefits to Plaintiff without a reasonable basis for its actions." [Doc. 80 at ¶¶ 58, 66]. None of these issues require the Court to make any kind of determination about the actual applicability of a VA lien, and Plaintiff does not bring any separate claims implicating the VA's lien. *See* [*id.*]. Rather, the operative question for Plaintiff's bad faith claim focuses on Progressive's conduct, not any entitlement to recovery by the VA.

Further, Mr. Uhl's bad faith claims will be adjudicated based on the information that Progressive had available to it *at the time that it was reviewing Mr. Uhl's claim*. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848 (Colo. 2018). Indeed, "[t]he central question [for insurance bad faith claims] 'is whether a reasonable insurer *under the circumstances* would have denied or delayed payment of the claim.'" *Todd v. USAA Gen. Indem. Co.*, 713 F. Supp. 3d 1088, 1103–04 (D. Colo. 2024) (quoting *Bankr. Est. of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) (emphasis added)); *see also Pinto v. United*

*Servs. Auto. Ass'n*, 591 P.3d 11, 15 (Colo. 2026) ("[A] bad faith claim requires an assessment of whether the insurer's coverage decision was unreasonable when it occurred, not whether later developments could have vindicated the insurer's decision." (cleaned up)). A court's adjudication now, years after the claims handling process concluded, of the validity of a potential lien, is simply not relevant to whether Progressive acted reasonably in investigating, adjusting, and paying Mr. Uhl's claim. Progressive has not shown that any kind of declaration as to the VA's lien will be necessary in this action.[1]

The Court therefore finds that the VA is not a required party to this litigation and respectfully **OVERRULES** Progressive's objections regarding the Recommendation's Rule 19(a) analysis. The Court respectfully **ADOPTS as modified** the Recommendation and **DENIES** Progressive's Motion for Joinder.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendant's F.R.C.P. 72 Objection to Report and Recommendation of United States Magistrate Judge on Renewed Motion for Joinder [Doc. 148] is **SUSTAINED in part and OVERRULED in part**;

(2) The Report and Recommendation of United States Magistrate Judge [Doc. 143] is **ADOPTED as modified herein**; and

(3) Defendant's Renewed Motion for Joinder [Doc. 128] is **DENIED**.

[1] The Court is similarly not persuaded by Progressive's arguments that the VA's "ability to protect its interest may be impaired in a practical sense" and that "failure to join the VA as a party may leave Progressive 'subject to . . . inconsistent obligations,'" since these arguments are also premised on "this Court issu[ing] a determination of law that the VA lien is not legally enforceable." [Doc. 148 at 8–9].

DATED: October 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge